IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DARLENE WITHAM, *Plaintiff*, v. WALMART STORES EAST, LP, et al., *Defendants*. | CIVIL ACTION NO. 21-3287 |

**PAPPERT, J.**                                                                              October 12, 2021

## MEMORANDUM

Darlene Witham sued Walmart and one of its employees, Joseph Devaney, in Pennsylvania state court over injuries allegedly sustained when she slipped and fell at a Walmart in Warminster, Pennsylvania. Witham and Devaney are Pennsylvania citizens. Defendants removed the case to federal court, claiming Devaney was fraudulently joined and that without him there is diversity of citizenship between the proper parties. Defendants also assert Devaney worked at the Walmart in Turnersville, New Jersey, not the store where Witham fell.

Witham filed a motion to remand the case on the grounds that removal was untimely and waived. Defendants contend removal was proper and moved to dismiss Witham's claims against Devaney. For the following reasons, the Court denies Witham's Motion to Remand and grants Defendants' Motion to Dismiss.

I

On October 19, 2020, Witham sued Walmart Stores East, LP, Walmart Stores, Inc. (the "Walmart Defendants") and Devaney in the Philadelphia County Court of Common Pleas. (Not. of Removal, Ex. A, ECF No. 1.) She alleged that on October 9,

1

2019 she fell and suffered severe injuries because of hazardous conditions at the Walmart in Warminster. (*Id.* at Ex. A ¶¶ 9–10.)[1] Whitham served the complaint on the Walmart Defendants November 2, 2020 but did not serve Devaney until June 25, 2021.[2] (Mot. to Remand, Ex. A, ECF No. 7; Not. of Removal, Ex. E.) The Walmart entities are diverse defendants. (Not. of Removal ¶¶ 18, 21.)[3]

The Complaint portrays Devaney as a manager or supervisor at the Warminster Walmart on the day of the alleged incident. Devaney allegedly "acted in the course of his employment and within the scope of his authority controlled, maintained, inspected and supervised" the store. (*Id.* at Ex. A ¶ 8.) Whitham claims Devaney was negligent for failing to sufficiently vet and adequately train employees, provide proper oversight of them, institute effective safety policies, repair or eliminate the conditions that caused Whitham's fall and keep her out of harm's way. *See* (*id.* at Ex. A ¶¶ 21–25).

In a July 23, 2021 affidavit, however, Devaney stated he was not working at the Warminster Walmart on the date Whitham allegedly fell. (*Id.* at Ex. F ¶ 5.) Rather, Devaney stated he was employed at a Walmart in Turnersville, New Jersey and that it

---

[1] Whitham claimed damages "in excess of" $50,000 based on her injuries, medical costs, lost wages and pain and suffering. (*Id.* at Ex. A ¶¶ 14–19.) In a subsequent response to a request for admission, Whitham denied her damages were less than or equal to $75,000. (*Id.* at Exs. C, D.) The amount in controversy for diversity jurisdiction is satisfied. *See* 28 U.S.C. § 1332(a).

[2] Neither side contends service of Devaney was untimely or otherwise improper under the Pennsylvania Rules of Civil Procedure.

[3] Walmart Stores, Inc. is a Delaware and Arkansas citizen because it is incorporated in Delaware and has its principal place of business in Arkansas. *See* (*id.* at ¶ 18); 28 U.S.C. § 1332(c)(1). Walmart Stores East, LP, which is wholly owned by Walmart Stores, Inc. through an intricate corporate structure, is likewise not a Pennsylvania citizen because its partners are not Pennsylvania citizens. *See* (Not. of Removal ¶ 21); *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104–05 (3d Cir. 2015).

was not until "early 2020" that he began working at the Warminster store. (*Id.* at ¶¶ 6–7.)

On July 23, 2021, the Walmart Defendants filed a Notice of Removal pursuant to 28 U.S.C. §§ 1441, 1446. (ECF No. 1.) They claimed Whitham fraudulently joined Devaney "solely" to preclude removal by defeating diversity jurisdiction. (*Id.* at ¶ 31.) A week later, the Walmart Defendants moved to dismiss Whitham's claims against Devaney on the ground that he was fraudulently joined. *See* (ECF No. 6).

Whitham never responded to the Motion to Dismiss or otherwise disputed Devaney's affidavit. But she did file a Motion to Remand. (ECF No. 7.) Whitham claims removal was untimely because the Walmart Defendants were served in November of 2020 and did not file their Notice of Removal until July of 2021—well outside the thirty-day time period prescribed in § 1446. *See* (*id.* at 4–5).[4] Whitham also claims the Walmart Defendants waived removal jurisdiction in federal court through the litigation steps they took in state court several months before they learned the case was removable, including engaging in discovery actions such as filing a motion to compel. *See* (*id.* at 5–9).

In their Response to Whitham's Motion to Remand, the Walmart Defendants reasserted their fraudulent joinder argument. *See* (ECF No. 9 at 8–11). They argue removal was timely because they did not know the case was removable until after Devaney was served in June of 2021; and they timely removed the action the following month after obtaining Devaney's affidavit. *See* (*id.* at 9). The Walmart Defendants also

---

[4] Page numbers in this Memorandum correspond to the ECF pagination—not the pagination of the cited documents.

argue they did not waive removal jurisdiction in federal court by participating in discovery in state court before they knew the case could be removed.  See (*id.* at 5–8).

II

A civil defendant in state court can remove a case to federal court if the federal court would have original jurisdiction over it.  See 28 U.S.C. § 1441(a).  "The removal statutes 'are to be strictly construed against removal and all doubts should be resolved in favor of remand.'"  *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) (quoting *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987)).

A federal court has diversity jurisdiction where there is complete diversity—that is, no plaintiff is a citizen of the same state as any defendant—and the amount in controversy exceeds $75,000.  See 28 U.S.C. § 1332(a); *In re Lipitor Antitrust Litig.*, 855 F.3d 126, 150 (3d Cir. 2017).  The doctrine of fraudulent joinder, an exception to the complete diversity requirement, allows a defendant to remove an action to federal court if a nondiverse defendant was fraudulently joined solely to destroy diversity jurisdiction.  *Brown v. Jevic*, 575 F.3d 322, 326 (3d Cir. 2009).  Joinder is fraudulent if "there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment."  *In re Briscoe*, 448 F.3d 201, 216 (3d Cir. 2006) (quoting *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 32 (3d Cir. 1985)).  If the court determines joinder was fraudulent, it "can 'disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction.'"  *Id.* (quoting *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999)).  But if the court determines

joinder was not fraudulent, it lacks subject matter jurisdiction and must remand to state court. *See* 28 U.S.C. § 1447(c).

The removing party arguing the plaintiff has fraudulently joined a defendant to defeat complete diversity has a "heavy burden of persuasion." *Steel Valley Auth.*, 809 F.2d at 1012 n.6. The district court must consider the complaint at the time the notice of removal was filed and accept all factual allegations in the complaint as true. *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851–52 (3d Cir. 1992). But the district court is not limited to considering the face of the complaint. Although a court cannot "step 'from the threshold jurisdictional issue into a decision on the merits,'" it can "look to more than just the pleading allegations" when ruling on a fraudulent joinder motion. *Briscoe*, 448 F.3d at 219 (quoting *Boyer*, 913 F.2d at 112). In arguing joinder was fraudulent, a removing defendant can rely on "evidence outside the pleadings, including such supporting documents as affidavits and deposition transcripts." *Yellen v. Teledne Cont'l Motors, Inc.*, 832 F. Supp. 2d 490, 503 (E.D. Pa. 2011) (quoting Charles A. Wright & Arthur R. Miller, 14C Federal Practice & Procedure § 3723.1 (4th ed., Apr. 2021 update)).

Examination of the plaintiff's claims on a motion to remand is less probing than on a motion to dismiss. *Batoff*, 977 F.2d at 852. Therefore, even if a party is not fraudulently joined, the claims against that party may ultimately be dismissed on a Rule 12(b)(6) motion. *Id.* Indeed, the fraudulent joinder analysis requires the court to ask only whether the claims are "wholly insubstantial and frivolous," and "all doubts should be resolved in favor of remand." *Id.* at 851–52.

III

A

Whitham claims Devaney was negligent in his managerial or supervisory role by both failing to take corrective action for the hazardous conditions that caused Whitham's fall at the Warminster Walmart and affirmatively acting to create those conditions. *See* (Not. of Removal, Ex. A ¶¶ 21–25). Defendants respond that Devaney cannot be liable because he was not employed at the store where the alleged incident occurred. *See* (Mot. to Dismiss 5–6).

Whitham's most plausible argument that Devaney is liable for her injuries relies on the participation theory. *See* (Not. of Removal, Ex. A ¶¶ 21–25); *see also Brindley v. Woodland Vill. Rest., Inc.*, 652 A.2d 865, 868 (Pa. Super. Ct. 1995) (explaining that "Pennsylvania law recognizes the participation theory as a basis of liability"); *Avicolli v. BJ's Wholesale Club, Inc.*, No. 21-1119, 2021 WL 1088249, at *3–4 (E.D. Pa. Mar. 22, 2021) (describing cases in our Court finding colorable participation-theory claims "against employees who actively participate in creating a risk leading to injuries" caused by store conditions). Under this theory, a corporate officer can be held liable as an "actor" only when the officer personally "participat[es] in the tortious activity" of the corporation. *Wicks v. Milzoco Builders, Inc.*, 470 A.2d 86, 90 (Pa. 1983); *see Sherfey v. Johnson & Johnson*, No. 12-4162, 2014 WL 715518, at *8 (E.D. Pa. Jan. 29, 2014) (explaining that the participation theory requires the complaint to allege "specific facts that plausibly suggest" the officer took part in the tort's commission).

Liability pursuant to the participation theory attaches for misfeasance, not nonfeasance. *Wicks*, 470 A.2d at 90; *see also Loeffler v. McShane*, 539 A.2d 876, 878 (Pa. Super. Ct. 1988) (describing misfeasance as the "improper performance of an act"

6

and nonfeasance as the "omission of an act which a person ought to do"); *e.g.*, *Jackson v. Burlington Coat Factory*, No. 17-2459, 2017 WL 3532983, at *3–4 (E.D. Pa. Aug. 17, 2017) (concluding joinder was fraudulent for the alleged manager of a department store when a patron fell walking up an inactive escalator on the ground that there was no colorable claim against the manager rooted in the participation theory because the complaint "at best" alleged nonfeasance). A prerequisite to liability is the officer "specifically direct[ing] the particular [tortious] act to be done or participat[ing], or cooperat[ing] therein." *Wicks*, 470 A.2d at 90 (quoting 3A Fletcher, Cyclopedia of the Law of Private Corporations § 1137); *see, e.g., Loeffler*, 539 A.2d at 879 (concluding a corporate officer was liable under the participation theory based on his "active involvement" in misallocating funds). While the Pennsylvania Supreme Court applied the participation theory to senior corporate officers in *Wicks*, federal and state courts have since applied it to lower-level employees. *Aldorasi v. Crossroads Hosp. & Mgmt. Co.*, 344 F. Supp. 3d. 814, 822–23 (E.D. Pa. 2018); *Wicks*, 470 A.2d at 87.

B

1

The fraudulent joinder inquiry turns on the nature of the plaintiff's specific allegations. *E.g.*, *Jackson*, 2017 WL 3534983, at *3 (noting the "careful review" of the complaint underlying the court's reasoning). The gravamen of Whitham's claims against Devaney is nonfeasance rather than misfeasance: he failed to forestall or eliminate the conditions that allegedly caused Whitham to fall. *See* (Not. of Removal, Ex. A ¶¶ 21–25); *see also Brindley*, 652 A.2d at 869 (concluding restaurant "owners/employees" were not liable under the participation theory when a patron

slipped and fell in the restroom because they engaged only in nonfeasance and there was no evidence of "active, knowing participation" in putting the restroom in the condition that caused the alleged fall). That is to say, Whitham contends Devaney was negligent for *not* taking various measures to prevent the incident; she is not alleging he "actively participate[d]" in bringing it about. *Avicolli*, 2021 WL 1088249, at *3. As a result, Devaney's joinder was fraudulent because there is "no reasonable basis in fact or colorable ground" to support Whitham's claims against him under the participation theory. *Briscoe*, 448 F.3d at 216.

Whitham's allegations are materially different than plaintiffs' claims in similar lawsuits where our Court granted motions to remand. For instance, in *Gardler v. Wal-Mart Stores, Inc.*, a shopper sued Walmart and a store manager for negligence after tripping over a rug near the exit. No. 18-4689, 2019 WL 2489691, at *1 (E.D. Pa. June 12, 2019). The shopper alleged, among other things, that the manager was tasked with overseeing the maintenance and use of rugs at the store, that he was "directly charged" with working with Walmart's rug suppliers and that he "directed" employees to continue using the rug at issue. *Id.* at *6. The court drew a "distinction between participation theory cases in which the . . . employee merely knew about a risk and those in which the employee actually directed the creation of the risk," and emphasized the allegation that the manager in *Gardler* "was responsible for **creating** the dangerous condition because [he] had the sole responsibility for rug placement." *Id.* (bold in original). The court concluded joinder was not fraudulent because it was possible the state court could determine the manager was a "'participant' in the . . . negligence." *Id.* at *7.

In *Ahearn v. BJ's Wholesale Club, Inc.*, the plaintiff sued BJ's and a store manager for negligence after slipping and falling on a "slippery liquid" at the store. No. 19-3012, 2020 WL 1308216, at *1 (E.D. Pa. Mar. 18, 2020). The plaintiff alleged the manager acted "affirmatively" in employee oversight and training, "creat[ing] a hazardous condition" and "plac[ing] Plaintiff in harm's way." *Id.* at *4. The court held the manager was not fraudulently joined, stating that the allegations "carry with them reasonable inferences of personal participation." *Id.* at *4. It relied on *Gaynor v. Marriott Hotel Servs., Inc.*, in which the court concluded joinder was not fraudulent and that plaintiff had "adequately alleged" the personal participation of a hotel manager by claiming he "creat[ed] an unreasonably dangerous condition" and "caus[ed] and/or permit[ted]" a defective condition to stay on the sidewalk where plaintiff tripped and fell. No. 13-3607, 2013 WL 4079652, at *4 (E.D. Pa. Aug. 13, 2013).

In sum, the *Gardler and Ahearn* courts could find the plaintiff alleged the store manager "actively participate[d]" in causing a fall. *Avicolli*, 2021 WL 1088249, at *3; *see Ahearn*, 2020 WL 1308216, at *4; *Gardler*, 2019 WL 2489691, at *6. Here, there are no such reasonable inferences of Devaney's active, *personal* participation. Whitham contends Devaney failed to act in ways she believes would have prevented her alleged fall. *Compare Hughes v. BJ's Wholesale Club, Inc.*, No. 20-3760, 2020 WL 5534061, at *2 (E.D. Pa. Sept. 15, 2020) (concluding joinder was not fraudulent because plaintiff alleged a store manager's "active involvement" in her tripping over a merchandise pallet), *with Avicolli*, 2021 WL 1088249, at *2 (concluding joinder was fraudulent and explaining that the plaintiffs "do not allege a single fact allowing us to infer [a store manager's] personal misfeasance necessary to impose personal liability").

9

Specifically, Whitham claims Devaney "knew or should have known" about the hazardous conditions that caused Whitham's alleged fall before it happened and faults Devaney for not repairing or eliminating them. (Not. of Removal, Ex. A ¶ 21.) This amounts to an allegation that Devaney erred by not acting—rather than that he acted in an improper way. Three of Whitham's claims state Devaney "fail[ed]" to sufficiently vet employees, adequately train them and effectively implement safety policies. (*Id.* at Ex. A ¶ 22(c)-(e).) Although Whitham also contends Devaney "provid[ed]" inadequate employee training and safety policies, these allegations merely restate Whitham's primary contentions that Devaney failed to provide adequate training and safety policies. (*Id.* at Ex. A ¶ 22(a)-(b).) Finally, Whitham alleges Devaney "affirmatively acted" in providing inadequate employee oversight and training, "creat[ing]" the hazardous conditions and "plac[ing]" Whitham in harm's way. (*Id.* at Ex. A. ¶¶ 23–25.) Again, while these allegations may be worded in a way that makes Devaney's conduct appear more active than passive, they are nothing more than restatements of the core contention against him expressed in her other allegations: he failed to act. "[B]oilerplate" allegations of nonfeasance cannot be transformed into colorable claims of misfeasance by attaching the "affirmative" label. *See Avicolli*, 2021 WL 1088249, at *3–4.

2

The Walmart Defendants also proffer Devaney's affidavit, which states he was working at a different store the day Whitham allegedly fell. Our Court has not always agreed on the weight to give such affidavits. *See, e.g.*, *Susman v. Goodyear Tire & Rubber Co.*, No. 17-3521, 2018 WL 1243733, at *7 (E.D. Pa. Mar. 9, 2018) (basing its

conclusion that a defendant was fraudulently joined in large part on the removing party's affidavit); *Reith v. Teva Pharms. USA, Inc.*, No. 18-1987, 2019 WL 1382624, at *2 (E.D. Pa. Mar. 27, 2019) (explaining that courts can "go beyond the four corners of the pleadings" to decide whether joinder was fraudulent). *But see, e.g.*, *Hughes*, 2020 WL 5534061, at *2 (declining to consider a store manager's affidavit in ruling he was not fraudulently joined); *Ahearn*, 2020 WL 1308216, at *4 (explaining that the fraudulent joinder inquiry "requires that [courts] 'focus on the plaintiff's complaint at the time the petition for removal was filed' and 'assume as true all factual allegations of the complaint'" (quoting *Batoff*, 977 F.3d at 851–52)). As a rule of thumb, however, courts give more credence to affidavits with uncontested assertions. *See Benjamin v. JBS S.A.*, 516 F. Supp. 3d 463, 473–74 (E.D. Pa. 2021) (explaining the propriety of a district court considering "affidavits that present undisputed facts" when ruling on a fraudulent joinder motion) (underline in original)); *see also Yellen*, 832 F. Supp. 2d at 503–04 (describing *Smoot v. Chicago, Rock Island & Pac. R.R. Co.*, 378 F.2d 879 (10th Cir. 1967), which the Third Circuit cited with approval in *Boyer*, upon explaining the permissibility of "*limited* piercing" of a complaint's contentions to assess an affidavit with undenied allegations) (emphasis in original)).

      Here, given that Whitham cannot show Devaney actively participated in causing her fall, the Court need not rely on the affidavit to support its ruling—though it could likely do so inasmuch as Whitham never challenged or denied its assertions.

      The Walmart Defendants have carried their "heavy burden" to show Devaney's joinder was fraudulent. *Briscoe*, 448 F.3d at 217 (quoting *Batoff*, 977 F.2d at 851–52). The Court can ignore his citizenship for diversity-jurisdiction purposes and dismiss

11

Whitham's claims against him without prejudice pursuant to Federal Rule of Civil Procedure 12(b)(1). *Aldorasi*, 344 F. Supp. 3d at 825 n.12 (noting that fraudulent joinder is a jurisdictional rather than merits question) (quoting *Hogan v. Raymond Corp.*, 536 F. App'x 207, 211 (3d Cir. 2013)).

C

Devaney's affidavit is more relevant, however, to the timeliness of the Walmart Defendants' removal. Specifically, Walmart filed its Notice of Removal within thirty days of learning the case was removable. *See Yount v. Shashek*, 472 F. Supp. 2d 1055, 1063–64 (S.D. Ill. 2006) (collecting cases). The Walmart Defendants claim they did not know the case could be removed until after Devaney was served on June 25, 2021. (Defendants' Resp. to Mot. to Remand 9.) Between that date and when they filed their Notice on July 23, 2021, the Walmart Defendants received "other paper" triggering the removal statute's supplemental, thirty-day time period: Devaney's affidavit, which was executed on July 23, 2021. *See* (Not. of Removal, Ex. F); § 1446(b)(3).

Finally, the Walmart Defendants did not waive their right to remove the case through the litigation steps they took in the Philadelphia County Court of Common Pleas. Their participation in early discovery before they knew the case was removable does not constitute the sort of "clear and unequivocal" action Third Circuit courts require for waiver. *See Boggs v. Harris*, 226 F. Supp. 3d 475, 481 (W.D. Pa. 2016) (quoting *Foster v. Chesapeake Ins. Co.,* 933 F.2d 1207, 1218 n.15 (3d Cir. 1991)). Removal was timely, it was not waived and the Court has jurisdiction over the case—absent Devaney.

An appropriate Order follows.

BY THE COURT:


*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.