IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DARLENE WHITHAM,<br><br>         *Plaintiff,*<br><br>v.<br><br>WALMART STORES EAST, LP, et al.,<br><br>         *Defendants.* | CIVIL ACTION<br>NO. 21-3287 |

**PAPPERT, J.**                                                                                                                                                                                                                                                                                                                                                                                                               July 12, 2023

## MEMORANDUM ORDER

      Trial begins on July 17, and the parties have filed various motions *in limine* (ECF 46–49) which the Court resolves for the reasons below and those stated during the July 6 oral arguments. (ECF 67).

### ECF 46: Granted in part, denied in part

      In its written motion, Walmart moved to preclude the testimony of Dr. Avart, Dr. Rosen and Mr. Young as a "sanction for failure to comply with discovery duties" under *Nicholas v. Pa. State Univ.*, 227 F.3d 133, 148 (3d Cir. 2000). (ECF 46 p. 13.) At oral argument, however, the reason for the motions changed. Walmart no longer objects to the expert witnesses generally; it now wants each witness' testimony confined to the conclusions discussed or referenced within the four corners of his written report. (A.M. Tr. 30:13–17, ECF 77.)

      Rosen wrote two separate letters to Plaintiff's counsel which comprise his expert reports. (*Id.* at 30:3–7; 37:17–21; Ex. 87, 121.) Walmart objects to Rosen's anticipated testimony that Whitham's fall at the Walmart caused her knee injuries and his purported diagnosis that Whitham suffers from Complex Regional Pain Syndrome

(CRPS). (*Id*. at 30:20–31:4.) Walmart contends that, since Rosen's reports do not offer an expert opinion on causation or CRPS, any testimony at trial regarding these opinions should be barred as beyond the scope of those reports.

In his initial report, Rosen states that Whitham's injuries are "secondary to the accident," and her lawyers assert this statement encompasses his opinion that the fall accounts for her right knee pain. (*Id*. at 35:25–36:16.) Walmart was thus aware of Rosen's opinion on causation, and he will be permitted to testify accordingly.

Neither report, however, even hints at a diagnosis of CRPS. (*Id*. at 40:16–21.) Rosen is set to appear at trial by video; his trial deposition was recorded on June 26 when, for the first time, Rosen offered his CRPS diagnosis and its purported cause. (Ex. 166.) Expert witnesses are required to provide a written report which contains "a complete statement of all opinions the witness will express and the basis and reasons for them" along with "the facts or data considered by the witness in forming them." Fed. R. Civ. P. 26(a)(2)(b)(i)–(ii).

Whitham's counsel attempted to justify Rosen's proposed CRPS opinion on the basis that the diagnosis was referenced in Rosen's subsequent "medical records" and the reports themselves were written before Rosen concluded Whitham had CRPS. (A.M. Tr. 39:20–22; 41:9–10.) This does not alleviate Whitham's counsel of their ongoing obligation to update expert reports. Fed. R. Civ. P. 37(c)(1). The rule is clear; because counsel failed to supplement Rosen's report to disclose his purported CRPS opinion, Whitham is "not allowed to use that information…to supply evidence…at [ ] trial." *Id*. Whitham did not "substantially justify" her failure to supplement, and that failure was not harmless. To the contrary, Whitham's counsel sprung Rosen's CRPS

opinion on Walmart's lawyer at the trial deposition, as it was being recorded for presentation to the jury. *See id.*

The Court has discretion to reject expert testimony. *Jaasma v. Shell Oil Co.*, 412 F.3d 501, 513 (3d Cir. 2005). It acts within its discretion so long as the decision is not "arbitrary, fanciful or clearly unreasonable." *Stecyk v. Bell Helicopter Textron, Inc.*, 295 F.3d 408, 412 (3d Cir. 2002). While an expert's testimony is not necessarily limited to the strict confines of his report, he may only testify beyond its scope absent surprise or bad faith. *See Bowersfield v. Suzuki Motor Corp.*, 151 F. Supp. 2d 625, 631 (E.D. Pa. 2001).

Appellate courts review a district court's decision to exclude evidence under a four-factor test: (1) the prejudice or surprise in fact of the party against whom the testimony was offered; (2) the ability of that party to cure the prejudice; (3) the extent to which waiver of the rule against calling unlisted witnesses disrupts efficient trial of the case; and (4) the bad faith or willfulness in failing to comply with the court's order. *Estate of Goldberg by Goldberg v. Nimoityn*, 734 F. App'x 141, 144 (3d Cir. 2018) (citing *DeMarines v. KLM Royal Dutch Airlines*, 580 F.2d 1193, 1201 (3d Cir. 1978)).

Here, Walmart was not aware that Whitham intended to offer Rosen's opinion on CRPS until his trial deposition. (A.M. Tr. 30:20–31:4.) During the deposition Rosen referenced and opined on a litany of exhibits not "produced or discussed" in his expert reports, preventing Walmart's counsel from meaningfully cross examining the witness. *See* (*id.* at 32:6–12.)

It is unlikely Walmart will be able to cure the prejudice of this surprise testimony. The trial deposition was recorded on June 26 because Dr. Rosen had

3

scheduling conflicts with the trial dates. (*Id*. at 107:13–15.) Whitham intends to play the recording for the jury; Walmart's counsel was not prepared to question Rosen about an opinion it learned of for the first time that day. However, if Rosen is available before Whitham seeks to present his testimony to the jury, the Court will allow Rosen to supplement his report to include the CRPS diagnosis and the bases for it and give a supplemental trial deposition. Absent a supplemental report and second deposition, however, Walmart's prejudice cannot be cured.

      Allowing Rosen to testify about CRPS would not disrupt the efficient trial of the case because he is already a listed witness. But Whitham's counsel willfully failed to comply with the Court's final scheduling order with respect to Dr. Rosen's deposition. Counsel ignored Walmart's repeated requests for Dr. Rosen's availability for deposition during the discovery period, which was extended multiple times, and then used the Court's final deadline as an excuse to deny Walmart's request after discovery finally closed. *See* (ECF 46 ¶¶ 17–28.) Moreover, counsel were aware of their ongoing obligation to supplement Rosen's report and never told Walmart's lawyer that Rosen would opine on CRPS or which documents he would rely on to do so. During the trial deposition, when Walmart's counsel objected to Rosen referencing documents not disclosed in his report, Whitham's lawyer responded that he "can rely upon anything that is part of his office chart" and it was "not [his] problem" if Walmart didn't subpoena those records, all notwithstanding Rule 26(a)(2)(B). (Ex. 166 41:19–42:1.) At oral argument, counsel dodged the Court's questions about why Rosen's report wasn't updated and provided no reasonable explanation for their conduct, merely arguing that

4

an update wasn't necessary because the diagnosis appears in Rosen's other "medical records." *See* (*id.* at 41:3–16; 43:4–8; 44:4–14; 55:8–21.)

Though not articulated in the same level of detail as its arguments with respect to Dr. Rosen, Walmart also seeks to prevent Dr. Avart, the surgeon who replaced Whitham's knee, and Mr. Young, her vocational expert, both designated by Whitham as expert witnesses, from providing opinions beyond the scope of their expert reports. In light of Walmart's counsel's representations at oral argument, the motion will be denied without prejudice as to Dr. Avart and Mr. Young. *See* (A.M. Tr. 50:24–53:2.) Should Whitham attempt to have either expert offer a previously undisclosed opinion under facts and circumstances similar to those pertaining to Dr. Rosen, Walmart may re-assert its objections and the Court will evaluate them consistent with the reasoning in this Order.

The motion is granted with respect to Rosen's opinion on CRPS,[1] denied with respect to Rosen's opinion on causation,[2] and denied without prejudice as to Dr. Avart and Mr. Young.

**ECF 47: Withdrawn**

Whitham's counsel withdrew this motion at oral argument. (A.M. Tr. 54:7–10.)

**ECF 48: Denied**

Whitham wants to broadly preclude argument or testimony about her "past medical history" that doesn't "involve her right lower extremity" or factor into a defense expert witness' conclusion. (ECF 48 p. 1.) She argues such testimony is irrelevant and

---

[1]   Absent a supplemental report and trial deposition.

[2]   As to Whitham's knee pain generally, as understood at the time Rosen's reports were drafted.

unduly prejudicial. (*Id.* at pp. 4–5.)  Evidence is considered relevant if it "(a) has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Ev. 401.

Whitham claims her right knee required replacement due to her fall at Walmart and that she also suffers from CRPS.  Instead of specifying which portions of her medical history are "irrelevant," Whitham instead makes a blanket request for total exclusion, stating all other aspects of her medical history are not probative and conclusorily claiming such evidence will "unfairly prejudice" her and "cause confusion of the issues or mislead the jury." (ECF 48 p. 5).  Neither is accurate.

Dr. Feinberg, Walmart's forensic neurologist, will testify that Whitham's diabetes makes it more likely she could develop CRPS.  (Resp. in Opp. ¶ 35, ECF 52.) Similarly, Whitham's pre-existing orthopedic conditions in both knees are relevant to causation because her arthritis diagnoses are specifically referenced in her knee surgeon's pre-operative report.  (ECF 52 ¶ 49.)  Similar degeneration of Whitham's left knee, coupled with Dr. Avart's failure to reference trauma to the right knee in his report is part and parcel of the jury's evaluation of Whitham's injury and damages. These and any other conditions or injuries relevant to Whitham's claims, and in particular those that could be factored into a differential diagnosis of CRPS, are relevant.  There is no indication that such testimony would unfairly prejudice Whitham.

### ECF 49: Denied without prejudice

Walmart represented at oral argument that it does not have and will not rely on any such records, rendering this motion moot. (A.M. Tr.  104:7–25).  Whitham may

object again should a testifying witness reference documents subject to the previously-quashed subpoena, and the Court will assess the facts and circumstances accordingly. *See* (*id.* at 105:1–23.)

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.
